# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ALETHEA DAVIS-MOSES,     )
                         )
       Claimant-Appellant,     )
                         )
                         )
v.                           )       **C.A. No. N15A-10-013 AML**
                         )
KEYSTONE HUMAN SERVICES, )
                         )
       Employer-Appellee.     )
                         )

Submitted: May 24, 2016
Decided: June 24, 2016

*Upon Appeal from the Decision of the Industrial Accident Board.*

## COMMISSIONER'S REPORT AND RECOMMENDATION

Brian E. Lutness, Esquire, Silverman McDonald & Friedman, 1010 North Bancroft Parkway, Suite 22, Wilmington, Delaware, 19805, Attorney for Claimant-Appellant Alethea Davis-Moses.

Danielle K. Yearick, Esquire, Benjamin K. Durstein, Esquire, Tybout, Redfearn & Pell, 750 Shipyard Drive, Suite 400, Wilmington Delaware, 19899, Attorney for Employer-Apellee Keystone Human Services.

**MANNING, COMMISSIONER:**

(1)  Pursuant to 10 *Del. C*. § 512 and Superior Court Civil Rule 132(a)(4), the above captioned case was referred to the undersigned Commissioner on May 24, 2016, for findings of fact and a recommendation.  Accordingly, I have reviewed the parties' submissions, the Industrial Accident Board ("IAB") hearing transcript and the record below; I recommend disposition as follows.

## Facts and Procedural Background

(2)  It is undisputed by the parties that Employee-Appellant Aletha Davis-Moses ("Moses") was injured in a work-related motor vehicle accident on November 3, 2014.  Total disability benefits were paid from November 19, 2014 to December 16, 2014.  Moses filed a petition with the IAB to Determine Additional Compensation Due on January 21, 2015, alleging a recurrence of total disability, beginning on December 17, 2014, and ongoing thereafter.  On April 9, 2015, Moses filed a second Petition to Determine Additional Compensation Due resulting from a May 11, 2015 cervical spine surgery, as reasonable and causally related to the work accident. [1]

(3)  A hearing before the IAB was held as to Moses' Petitions on August 20, 2015. The parties stipulated that the IAB hearing would take place before a law-trained

---

[1] Appellee's Answering Brief at 1.

Worker's Compensation Hearing Officer, as opposed to the full Board, in accordance with 19 *Del. C*. § 2301(a)(4). [2]

(4) Following the hearing, the IAB issued its decision on October 6, 2015. The IAB concluded that the cervical spine surgery was not causally related to the work accident and that Moses had failed to show that her condition warranted a recurrence of total disability benefits. [3] Moses filed a timely appeal of the IAB's decision with this Court on October 28, 2015.

## Claimant's Argument

(5) In her appeal, Moses' sole argument is that the IAB committed legal error by "initially failing to exclude the testimony of damage to the vehicle only to finally excluded [sic] such evidence at the close of the hearing after such evidence was already presented and then improperly relying on such evidence and argument in its decision." [4] During the hearing itself, and on appeal, Moses grounds her argument on the Delaware Supreme Court decision in *Davis v. Maute*. [5]

(6) In *Maute* the Court held that, "[a]s a general rule, a party in personal injury case may not directly argue that the seriousness of personal injuries from a car

[2] *Id*. at 2.

[3] *See* IAB Decision, Hearing No. 1420748, Boyle, Workers' Compensation Hearing Officer (October 5, 2016).

[4] Appellant's Opening Brief at 1.

[5] 770 A.2d 36 (Del. 2001).

-3-

accident correlates to the extent of the damage to the cars, unless the party can produce competent expert testimony on the issue." [6] Put another way, a lawyer cannot argue to a fact finder that minimal damage equals minimal injury without supporting expert testimony—or vice versa.

(7)  During the IAB hearing on August 20, 2015, Moses testified that she did not really know what happened, just that she was "shook around" and that she was "shook up." [7]  After the accident, Moses sought treatment at a Go-Care facility and eventually had neck surgery performed by Dr. Zaslavsky, who testified at the IAB hearing via deposition.  Moses testified that the pain she suffered after the accident was different than any she had suffered from previously, as it radiated from her neck down into her right arm.  Moses testified that she had never suffered pain like that before.  On cross-examination, Moses admitted that she had sought treatment at Crozer Hospital for chest pain on September 15, 2014, about a month before the accident.  Moses denied telling the doctors at Crozer that she had radiating pain going down her right arm. Counsel for Employer confronted Moses with the medical records from Crozer that documented her complaints that day—namely

---

[6] *Id* at *40.

[7]  T. at 9.

that the pain she reported was constant and radiated down her right arm. Moses did not dispute this contradictory evidence. [8]

(8) Moses was also questioned about Dr. Zaslavsky's deposition testimony that the accident "jarred [her] neck significantly… whipping [her] head back and forth." [9] Moses testified that she "went forward and came back. I didn't go back and forth, and back and forth." [10] Moses also agreed that the car she was riding in was not going very fast when it jumped a curb and hit a pole. Counsel for Employer then asked, "[o]kay. So the car wasn't moving very fast?" Counsel for Moses objected and stated that "[w]e're kind of heading down *Davis v. Maute* territory." Counsel for Employer argued that the force of the impact was relevant and that *Davis v. Maute* does not preclude all testimony about impact force. The Hearing Officer noted the objection but declined to make a definitive ruling at that time. The Hearing Officer reasoned that what he would need to "see or look at is the doctor's testimony to see if any of the doctors have any opinion on it… ." [11]

(9) The issue did not reappear during the balance of the hearing and only came to fruition during closing arguments. In his argument, Employer's counsel referred to Dr. Zaslavsky's testimony that the accident:

---

[8] T. at 15.

[9] Id.

[10] T. at 16.

[11] T. at 17.

> [J]arred [Moses'] cervical spine significantly, whipping her head back and forth. He also refers to it as a significant accident in his testimony. I would submit that's not really what was described by [Moses] today when she was [cross-examined] with the different history she had provided to her medical providers after the accident. I think there's also clearly a question of symptomatic . . . [and] I think the force of the impact evidence is extremely relevant. [12]

Counsel for Moses immediately objected, again citing *Davis v. Maute*. Employer's counsel responded that "it's extremely relevant in this case, and it was opened up by Dr. Zaslavsky in his disposition." [13]

(10) The Hearing Officer, clearly sensing the unresolved nature of the issue, then made the following ruling:

> Well, let me just take care if it [now]. Dr. Fedder, in his disposition, did state that he's not an engineer and he can't comment, and so, other than when it's relevant for inconsistent accounts of what happened, I'm not going to let that in, so, to that extent, I would sustain his objection. I mean, - - do it during closing and all that, but just so we understand where we are because I don't think I made the record clear before, but now, that I've heard Fedder's testimony, there's no testimony that's going to allow anything more than simply credibility determination for inconsistent statements and that kind of thing. [14]

---

[12] T. at 103-104.

[13] Id.

[14] T. at 104.

Counsel for Employer then continued his argument and stated: "[r]ight. And that's the purpose is [sic] impeachment." [15]

(11) The final mention of the issue is contained in the written IAB decision on Moses' claim. In the decision, the Hearing Officer stated:

> Dr. Zaslavsky's recitation of [Moses'] symptoms is inconsistent with her testimony. One of the legal issues in this case revolved around the nature and seriousness of the accident. Dr. Fedder testified that he is not an engineer and couldn't comment on that issue. Dr. Zaslavsky on the other hand attempted to use the nature of the accident to bolster his position by stating that [Moses'] neck was violently whipped back and forth in the accident. [Moses] denied that she told him that, so either she is misrepresenting or perhaps forgetting what she told him or he is embellishing the record. Regardless [Moses] cannot object to the defense using the minor nature of the accident to argue against injury while claiming the violent nature of the accident more likely caused her injuries. [16]

## Legal Standard

(12) In reviewing a decision of the IAB, the Superior Court acts as an intermediate appellate court. The IAB's decision is reviewed "for errors of law and to determine whether substantial evidence exists to support the Board's findings of fact and conclusions of law." [17] On appeal, alleged errors of law are reviewed *de*

---

[15] T. at 105.
[16] IAB Decision at 27.

[17] *Arrants v. Home Depot*, 65 A.3d 601, 604 (Del. 2013).

*novo*.[18]  In the present case, Moses' claim is that the IAB committed an error of law by allowing testimony about the severity of Moses' injuries in relation to the severity, or more specifically the lack thereof, of the accident.  Therefore, Moses' argument is reviewed by this Court *de novo*.

(13)  At the outset, it is relevant to note that an IAB hearing is not a trial and is not bound by the traditional rules of evidence adhered to in a criminal or civil trial.  "In hearings before the IAB, the rules of evidence are relaxed, because of the nature of the IAB proceedings and in order to comply with the spirit of the worker's compensation statute." [19]  An IAB hearing is an administrative hearing governed by its own rules.  IAB evidentiary Rule 14(c), promulgated in accordance with 19 *Del. C.* § 2301A, states:

> The rules of evidence applicable to the Superior Court of the State of Delaware shall be followed insofar as practicable; however, that evidence will be considered by the Board which, in its opinion, possess any probative value commonly accepted by reasonable prudent persons in the conduct of their affairs.  The Board may, in its discretion, disregard any customary rules of evidence and legal procedures so long as such disregard does not amount to an abuse of discretion.

---

[18]  *Id.* at 605.

[19] *Glanden v. Land Prep, Inc.*, 918 A.2d 1098 (Del. 2007) (citing *Morris v. Gillis Gilkerson, Inc.*, 1995 WL 562132 at *5 (Del.Super. Aug. 11, 1995).

To find that the IAB committed an "abuse of discretion," this Court must find that the IAB's ruling "exceeded the bounds of reason in view of the circumstances and has ignored rules of law or practice so as to produce injustice." [20]

## Analysis

(14) Upon review of the record below, it is my opinion that the IAB did not abuse its discretion in allowing the limited testimony regarding the severity of the auto accident impact. As correctly noted by the Hearing Officer, the evidence was entirely relevant to contradict the testimony of Dr. Zaslavsky who described the accident in much more violent terms than did Moses herself. Additionally, to the extent that *Davis v. Maute* could even arguably be said to apply to an IAB hearing, the testimony offered did not run afoul of its holding. Counsel for Employer never argued that there was any correlation between the minor nature of the accident and Moses' injures. It was Moses's own expert, Dr. Zaslavsky, who relied on the severity of the accident impact as support for his causation opinion and, inferentially at least, justifying the need for the surgery he performed. Once Dr. Zaslavsky opened the door, it was entirely reasonable to allow Employer the opportunity to offer contradictory evidence regarding the severity of the accident impact—especially when that evidence originated from Moses herself.

---

[20] *State v. Anderson*, 2009 WL 1622831, at *1 (Del. Super. June 2, 2009 ) (footnotes and quotations omitted).

(15)  For all the forgoing reasons, I recommend that the decision of the Industrial Accident Board be AFFIRMED.

**IT IS SO RECOMMENDED.**

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

Original to Prothonotary
cc:  All counsel via File & Serve